QuiÑONES, DEMANDANTE Y APELANTE, v. VIVONI, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso sobre cobro de un pagaré.

No. 1100.—Resuelto en mayo 22, 1914.

FIADORES—PRINCIPALES PAGADORES—ACCIÓN EJERCITADA POR EL ACREEDOR CONTRA EL DEUDOR DIRECTO Y DESISTIMIENTO DE LA MISMA—ACCIÓN CONTRA UNO DE LOS FIADORES Y PRINCIPALES PAGADORES.—El pagaré en litigio fué firmado por el deudor y además por dos fiadores en la siguiente forma: ''Nos constituimos fiadores y principales pagadores de mancomún *et in solidum* del importe de este documento * * *.'' *Se resolvió* que el demandado se constituyó no solamente en fiador de dicho pagaré, sino también en principal pagador, y de acuerdo con el artículo 1111 del Código Civil, el hecho de que el acreedor haya entablado una acción contra el deudor directo del pagaré y haya desistido de ella, no impide el que se dirija posteriormente contra el demandado.

ID.—EMBARGO DE BIENES DEL DEUDOR DIRECTO POR EL ACREEDOR—LEVANTAMIENTO DEL EMBARGO A INSTANCIA DEL ACREEDOR—ACCIÓN CONTRA UNO DE LOS FIADORES Y PRINCIPALES PAGADORES.—El hecho de que el acreedor haya entablado una acción contra el deudor directo de un pagaré y embargado bienes que fueron ofrecidos en venta sin que se presentara licitador alguno, y el que el acreedor conviniera con el deudor en el levantamiento de dicho embargo y éste en no reclamarle daños y perjuicios por ello, no impide el que el acreedor demande posteriormente a uno de los fiadores y principales pagadores, sobre todo teniendo en cuenta que el fiador no ha sufrido perjuicio alguno por ello.

OPINIÓN DEL JUEZ SENTENCIADOR—REVOCACIÓN DE LA SENTENCA APELADA.—Aunque la omisión del juez sentenciador de preparar una opinión no es motivo bastante para revocar la sentencia apelada, sin embargo los jueces de distrito están obligados a redactar dicha opinión.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Benet.*

Abogado del apelado: *Sr. José de Diego.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La obligación que dió origen a la acción establecida en este caso es un pagaré el cual es como sigue:

"Debo y pagaré a la orden de Don Ernesto Qiuiñones Zalazar, la suma de trescientos treinta y seis dólares, moneda americana, que confieso haber recibido de dicho señor, y me obligo a satisfacerla el día 9 de abril del año 1912, sin excusa alguna, facultando al acreedor para que en caso de incumplimiento proceda al cobro por la vía judicial, no sólo de la indicada suma sino de los intereses al uno por ciento mensual, desde el día en que incurriere en demora, asimismo del importe de las costas y, honorarios de abogados que se originen por virtud de la reclamación judicial, renunciando el derecho de domicilio, y cuantas leyes puedan favorecerme al fiel cumplimiento de esta obligación.—San Germán, diciembre 9 de 1911.   Firmado: Dionisio Ulises Pabón.

"Nos constituimos fiadores y principales pagadores de mancomún *et in sólidum* del importe de este documento obligando al efecto nuestros bienes presentes y futuros, como también a satisfacer los intereses que se devenguen al tipo convenido en caso de demora; y renunciamos al beneficio de excusion y orden, como también el derecho de domicilio, facultando al acreedor para conceder al deudor cuantas prórrogas estime convenientes, sin que por esto se desvirtúe nuestra garantía, que convenimos estará vigente hasta la total extinción de la deuda.   San Germán, diciembre 9, 1911.   Firmado: José Antonio Vivoni.   Firmado: Aurelio Acosta."

Ninguna suma fué satisfecha de este pagaré excepto una suma pequeña.   Se dictó sentencia contra el deudor Dionisio Ulises Pabón por la suma de trescientos noventa dólares embargándosele algunos bienes muebles de su propiedad. Después de haber sido debidamente anunciados los bienes embargados y de cumplirse con otros requisitos, fueron sacados a pública subasta sin que se presentaran licitadores.   Entonces el márshal a moción del demandante volvió a sacar los mismos a subasta pública sin que tampoco se hubieran presentado postores.   El márshal devolvió el referido mandamiento a la corte municipal, haciendo constar los hechos, como también que dicho mandamiento quedaba incumplido.   En este estado, el acreedor, en vista de la imposibilidad de obtener su dinero por este medio, convino en que se levantara el

embargo con tal de que el deudor renunciara a la indemnización de .cualquier perjuicio que hubiera podido sufrir como consecuencia de dicho embargo.

El susodicho acreedor demandante en esta acción, estableció entonces una demanda fundada en el pagaré contra José Antonio Vivoni, alegando que solamente se había satisfecho entonces la suma de cincuenta dólares de la cantidad reclamada. El demandado formuló su contestación admitiendo los hechos de la demanda, y la única defensa que es esencial en esta apelación es la de que en virtud del levantamiento del embargo a que se ha hecho referencia, el deudor dispuso de sus bienes que habían sido embargados siendo éstos los únicos que poseía dicho deudor. Según parece la corte municipal de San Germán dictó sentencia a favor del demandante. El demandado apeló y la Corte de Distrito de Mayagüez dictó sentencia a favor de dicho demandado. Contra esta última sentencia el demandante interpuso recurso de apelación para ante este tribunal.

El apelante se funda en el artículo 1111 del Código Civil, el cual es como sigue:

"Artículo 1111.—El acreedor puede dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente. Las reclamaciones entabladas contra uno no serán obstáculo para las que posteriormente se dirijan contra los demás, mientras no resulte cobrada la deuda por completo."

Dados los términos en que está redactado el pagaré por el cual el demandado en este caso no solamente quedó convertido en fiador sino también en deudor principal, el artículo citado parece ser terminante de los derechos de las partes en este caso en lo que respecta a deudores solidarios. De acuerdo con este artículo no establece diferencia alguna el hecho de que la acción se siga contra uno y después se desista de ella. La única cosa que pudiera anular la obligación es el pago, y como hemos visto éste no se verificó en el presente caso.

El apelado se funda en los artículos 1740 y 1753 del Código Civil, los cuales son como sigue:

"Artículo 1740.—El fiador se subroga por el pago en los derechos que el acreedor tenía contra el deudor.

"Si ha transigido con el acreedor, no puede pedir al deudor más de lo que realmente haya pagado."

"Artículo 1753.—Los fiadores, aunque sean solidarios quedan libres de su obligación siempre que por algún hecho del acreedor no puedan quedar subrogados en los derechos, hipotecas y privilegios del mismo."

El artículo 1740 no es de aplicación a este caso como así lo revela su simple lectura.

En este caso si bien el acreedor levantó un embargo no dejó por ello al supuesto fiador en peor situación a aquella en que hubiera estado si jamás se hubiera trabado ningún embargo. Los derechos del expresado fiador no sufrieron perjuicio alguno en absoluto y el hecho de que el deudor vendiera los bienes inmediatamente después de haberse levantado el embargo y de no poseer otros bienes el deudor no puede tener conexión alguna con la relación legal existente entre las partes. El acreedor no ejecutó ningún acto por virtud del cual el supuesto derecho del fiador o su obligación hubiera sido alterado o perjudicado. Puede hallarse jurisprudencia americana en igual sentido, donde se ha resuelto que el fiador no queda relevado de su obligación por el levantamiento de un embargo hecho sobre los bienes del deudor a no ser que tanto la acción como el embargo hubieran tenido lugar a instancias del fiador, en cuyo caso se ha considerado que éste último queda relevado de su obligación. 32 Cyc., 220. Y hemos examinado algunos de los casos allí citados los cuales confirman la tesis.

En todos los casos que pueden encontrarse en que el fiador se ha considerado como relevado de su obligación ha mediado

algún otro elemento como fraude ó verdadero cambio de la
fianza u obligación.   En este caso no ha ocurrido nada seme-
jante.   El acreedor trató innecesariamente y sin éxito alguno
de cobrar su crédito contra el deudor principal y al no haber
podido cobrarlo estableció una acción contra uno de los deu-
dores principales en la obligación.   En el juicio de este caso
ni siquiera se probó el valor que tenían los bienes.   La mani-
festación del deudor de que dichos bienes habían sido valo-
rados en ochocientos o novecientos dólares no constituyó una
prueba satisfactoria respecto al valor que los mismos tenían
en la fecha de la venta.   Además, el deudor declaró que los
bienes habían sido vendidos a un pariente pero no se le hizo
decir qué cantidad fué la que recibió por ellos.   No vemos
absolutamente nada en los autos, dentro de la ley, o la jus-
ticia, que autorice al apelado a oponerse a esta reclamación.
Sin embargo, la verdadera razón para revocar esta sentencia
no es la consideración de ninguna cuestión relativa a deudor
y fiador sino el hecho de haberse obligado dicho apelado como
deudor principal.

Alega también el apelante que se cometió error · por la
Corte de Distrito de Mayagüez porque dicha corte no redactó
ninguna opinión exponiendo en la misma los hechos decla-
rados probados.   Aunque esta omisión no constituye un mo-
tivo de revocación según las resoluciones de este tribunal,
creemos sin embargo, que los jueces de distrito están en el
deber para con el público y los litigantes de observar los
preceptos de la legislatura en cuanto al particular.   Dichas
conclusiones y opinión siempre facilitan ayuda a este tribunal
al determinar la cuestión esencial envuelta.

La sentencia debe revocarse y dictarse otra a favor del
demandante por la suma de trescientos noventa dólares con
intereses sobre esta cantidad del uno por ciento mensual a
partir del día 28 de noviembre de 1912, con costas y desem-
bolsos, y la sentencia que de tal modo se dicte deberá remitirse
a la Corte de Distrito de Mayagüez con instrucciones de que

envíe copia certificada de la misma a la corte municipal de San Germán.

> *Revocada la sentencia apelada condenando al demandado a pagar al demandante la cantidad de $390 con intereses, costas y desembolsos*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.

En este caso se presentó moción de reconsideración en junio 2, 1914.